**Javier ABRAJAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–0905–CR–264.

Court of Appeals of Indiana.

Dec. 8, 2009.

David Pardo, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-defendant Javier Abrajan appeals the aggregate thirty-year sentence imposed by the trial court after Abrajan pleaded guilty to Rape,[1] a class A felony. Abrajan argues that the trial court considered improper aggravators and that the sentence is inappropriate in light of the offense and his character. Finding no reversible error and finding the sentence to be appropriate, we affirm.

### FACTS

On May 23, 2008, Abrajan and Tarsis Chavez were armed with a gun when they approached R.F. outside her Indianapolis residence. Chavez asked R.F. if she would like to have sex with him; she declined and commented that her boyfriend was inside, watching TV with her daughter.

Later that night, R.F. was asleep in her bed when Chavez and Abrajan broke into her home. Chavez entered R.F.'s bedroom and emerged carrying her 3–year-old daughter, whom he placed in the room next to R.F.'s bedroom. R.F. woke up and saw Chavez and Abrajan standing at her bedside. They told R.F. to cooperate unless she wanted to get hurt, and she saw Abrajan· flash something shiny from his waistband. R.F. believed that the shiny item was some sort of deadly weapon.

---

1. Ind.Code § 35–42–4–1(b)(1).

Abrajan and Chavez then raped R.F. After the rape, R.F.'s daughter began crying and the men instructed R.F. to tend to the child. Abrajan and Chavez then stole various items from R.F., including her cell phone, television, DVD player, vehicle, and jewelry.

On July 30, 2008, the State charged Abrajan with class A felony rape, class A felony criminal deviate conduct, class A felony burglary, class B felony burglary, class B felony robbery, class B felony carjacking, class C felony sexual battery, class D felony theft, and class D felony receiving stolen property. On March 30, 2009, Abrajan pleaded guilty to class A felony rape in exchange for the State's agreement to dismiss the remaining eight felony charges. The plea agreement capped the executed portion of Abrajan's sentence at twenty-five years, otherwise leaving the sentence to the trial court's discretion.

At Abrajan's April 15, 2009, sentencing hearing, the trial court found Abrajan's guilty plea and young age—he was seventeen years old at the time he raped R.F.— as mitigating circumstances. The trial court found the facts that Abrajan had a weapon while raping R.F. and that the offense was committed in the presence of R.F.'s three-year-old daughter as aggravating factors. Finding the mitigators and aggravators in equipoise, the trial court imposed an advisory sentence of thirty years, with five years suspended and three years probation. Abrajan now appeals.

## DISCUSSION AND DECISION

■ Initially, we note that the State observes that Abrajan's plea agreement provides that Abrajan has waived "the right to appeal any sentence imposed by the Court, including the right to seek appellate review of the sentence pursuant to Indiana Appellate Rule 7(B), so long as the Court sentences the defendant within the terms of this plea agreement." Appellant's App. p. 77.

The State concedes, however, that at both the guilty plea and sentencing hearing, the trial court advised Abrajan that he had a right to appellate review of his sentence, and neither the prosecutor nor defense counsel brought the error to the trial court's attention. Under these circumstances, we do not find that Abrajan has waived his right to appeal based on the term of the plea agreement. *See Bonilla v. State*, 907 N.E.2d 586, 590 (Ind.Ct.App. 2009) (finding that where information regarding a defendant's waiver of appellate review is both contradictory and confusing, the waiver will not be enforced), *trans. denied.*

### I. Aggravators

■■ Abrajan first argues that the trial court abused its discretion by finding improper aggravators. In *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind.2007), *clarified on rehearing*, 875 N.E.2d 218 (2007), our Supreme Court held that trial courts are required to enter sentencing statements whenever imposing a sentence for a felony offense. The statement must include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. *Id.* We review sentencing decisions for an abuse of discretion. *Id.* A trial court may abuse its discretion by entering a sentencing statement that includes reasons for imposing a sentence not supported by the record, omits reasons clearly supported by the record, or includes reasons that are improper as a matter of law. *Id.* at 490–91.

### A. Possession of the Weapon

■ Abrajan argues that the fact that he possessed the gun while raping R.F. is an improper aggravator as a matter of law because it is an element of the underlying offense. *See Spears v. State*, 735 N.E.2d

1161, 1167 (Ind.2000) (holding that a trial court may not use a fact that comprises a material element of a crime as an aggravator). Abrajan pleaded guilty to class A felony rape. The relevant portion of Indiana Code section 35–42–4–1 provides as follows:

(a) Except as provided in subsection (b), a person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when:

(1) the other person is compelled by force or imminent threat of force;
. . .

commits rape, a class B felony.

(b) An offense described in subsection (a) is a class A felony if:

(1) it is committed by using or threatening the use of deadly force. . . .

Here, the only fact in the record that establishes that Abrajan used, or threatened the use of, deadly force was his possession of the gun, which he flashed at R.F. after instructing her to cooperate unless she wanted to get hurt. Therefore, Abrajan's possession of the weapon was a material element of the offense for which Abrajan was convicted and was, consequently, an improper aggravator. As more fully explored below, however, we find this error to be harmless and decline to reverse on this basis.

### B. Presence of the Child

■ Abrajan next argues that the trial court erred by considering the presence of R.F.'s child in the house during the rape as an aggravator. Initially, we observe that the evidence in the record establishes that Abrajan was aware of the child's presence when he committed the instant offense. Specifically, when the men broke into R.F.'s home, Chavez entered R.F.'s bedroom and emerged, carrying her daughter, who he then placed in the bedroom next to R.F.'s.

A trial court may consider the fact that the defendant committed a crime of violence—including rape—in the presence or within hearing of a child under the age of eighteen as an aggravating factor. Ind. Code § 35–38–1–7.1(a)(4)(B)(i). Abrajan argues that in this case, the aggravator was improper because there is no evidence that R.F.'s daughter saw or heard her mother being raped. The record establishes, however, that the child began crying after the men had raped R.F. and it would be reasonable to infer that she had, in fact, heard what had occurred in the next room.

Reasonable inference notwithstanding, it is well established that this aggravator "does not require that a child under eighteen actually see or hear the offense taking place. . . ." *Firestone v. State*, 838 N.E.2d 468, 474 (Ind.Ct.App.2005). In *Firestone*, we affirmed the application of this aggravator to the defendant "[b]ecause the location of the bedrooms are in such proximity" so it was "entirely reasonable for a jury to conclude that the offenses were committed within the hearing of [the victim's] minor children." *Id.* Here, likewise, it is undisputed that R.F.'s three-year-old daughter was in the bedroom right next to the room where her mother was being violated, and entirely reasonable to conclude that the offense was committed within her hearing. Therefore, we find that the trial court did not err by finding the presence of R.F.'s child to be an aggravator.

Given our resolution of these issues, we are left with the presence of the child as an aggravator and Abrajan's guilty plea and young age as mitigators. Given the severity of the remaining aggravator and the leanness of the mitigators—more fully analyzed below—we are persuaded that the trial court would have imposed the same sentence even in the absence of

Abrajan's possession of the gun as an aggravator. Therefore, we decline to reverse on this basis.

## II. Appropriateness

Finally, Abrajan argues that the aggregate thirty-year sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character. In reviewing a Rule 7(B) appropriateness challenge, we defer to the trial court. *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct.App.2007). The burden is on the defendant to persuade us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind.2006). Abrajan received the advisory sentence of thirty years for his class A felony offense. I.C. § 35–50–2–4.

As for the nature of the offense, Abrajan and a cohort broke into a home in the middle of the night. Abrajan was armed with a gun, and watched as Chavez removed a toddler from her mother's bedroom and placed her in the room next door. The two men woke up R.F., threatened her with a gun, and forced her to have oral and vaginal sex. When the child began crying, the men left R.F. and stole some of her possessions, including a television, her vehicle, and her cell phone.

As for Abrajan's character, for someone of such a young age, he has already amassed a record. He is eighteen years old and has two recent juvenile adjudications and this class A felony conviction. He was expelled from school in the ninth grade and has not obtained his GED. Under these circumstances, we do not place great significance on Abrajan's age. *See Monegan v. State*, 756 N.E.2d 499, 504 (Ind.2001) (holding that the trial court did not err by failing to give significant mitigating weight to the age of an almost-eighteen-year-old defendant).

And although his guilty plea deserves recognition, we can only conclude that his decision to plead guilty was purely pragmatic. In exchange for his plea, the State dismissed *eight* serious felony charges against him and agreed to a cap of twenty-five years on the executed portion of the sentence, which is below the advisory sentence for a class A felony and less than one-half of the potential executed time he faced had he been convicted as charged. Furthermore, Abrajan pleaded guilty eight months after the charges were filed, expending State and court resources during that time period. Thus, we do not place great significance on Abrajan's decision to plead guilty.

Abrajan argues that his sentence should be lessened because Chavez, his co-defendant, received a twenty-year sentence. Chavez, however, was willing to testify on behalf of the State and admit all of his guilt, while Abrajan admitted only to the rape. And in any event, it is well established that "[n]o authority requires co-participants to receive proportional sentences." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind.2008). Thus, we decline to revise Abrajan's sentence on this basis.

Under these circumstances, we do not find Abrajan's advisory thirty-year sentence to be inappropriate in light of the nature of the offense and his character.

The judgment of the trial court is affirmed.

BAILEY, J., and ROBB, J., concur.