**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 09 2012, 8:46 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**T. MICHAEL CARTER**
Scottsburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT ALLEN BARKER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 36A01-1109-CR-405 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JACKSON CIRCUIT COURT
The Honorable William E. Vance, Judge
Cause No. 36C01-0702-FB-7

**May 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Robert Allen Barker ("Barker") appeals his sentence for Possession of a Firearm by a Serious Violent Felon, a Class B felony,[1] presenting the sole challenge of whether his sentence is inappropriate. We affirm.

## Facts and Procedural History

On August 11, 2011, Barker pled guilty to the offense of Possession of a Firearm by a Serious Violent Felon. At the hearing, Barker admitted the truth of the State's allegation that Barker, having previously been convicted of a serious violent felony, that is, Robbery, possessed or carried a firearm in Jackson County, Indiana, on February 17, 2007.

Barker also admitted that he had two prior unrelated felonies, Battery Causing Serious Bodily Injury and Theft. Accordingly, the trial court adjudicated Barker a habitual offender. Barker was sentenced to fifteen years imprisonment, enhanced by seventeen years due to his status as a habitual offender. Finally, the trial court ordered the sentence to be served consecutive to Barker's sentence for an unrelated murder. Barker now appeals.

## Discussion and Decision

Barker contends that his sentence is inappropriate pursuant to Indiana Appellate Rule 7(B). Although he does not develop a separate argument supported by authority, Barker also asserts that the trial court erred in ordering his sentence to be served consecutive to his eighty-seven-year murder sentence (fifty-seven years enhanced by thirty years due to his habitual offender status).

---

[1] Ind. Code § 35-47-4-5.

In <u>Reid v. State</u>, the Indiana Supreme Court reiterated the standard by which our state appellate courts independently review criminal sentences:

> Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence through Indiana Appellate Rule 7(B), which provides that a court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The burden is on the defendant to persuade us that his sentence is inappropriate.

876 N.E.2d 1114, 1116 (Ind. 2007) (internal quotation and citations omitted).

More recently, the Court reiterated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." <u>Cardwell v. State</u>, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. <u>See</u> <u>id.</u> at 1224. One purpose of appellate review is to attempt to "leaven the outliers." <u>Id.</u> at 1225. "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." <u>Id.</u> at 1224.

A person who commits a Class B felony shall be imprisoned for a term between six and twenty years, with ten years as the advisory. Ind. Code § 35-50-2-5. Pursuant to Indiana Code Section 35-50-2-8, Barker faced a sentence enhancement of up to thirty years.[2]

---

[2] Subsection (h) provides: "The court shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times

3

Accordingly, Barker could have received a sentence of up to fifty years; his sentence of thirty-two years exceeds the advisory sentence but is significantly less than the maximum possible sentence.

The nature of the offense is that Barker, a serious violent felon, possessed a handgun. As to the character of the offender, Barker pled guilty, which reflects favorably on his character. See Scheckel v. State, 655 N.E.2d 506, 511 (Ind. 1995) ("[T]he fact that [the defendant] pled guilty demonstrates his acceptance of responsibility for the crime and at least partially confirms the mitigating evidence regarding his character"). However, the decision may have been largely pragmatic, as Barker was apprehended in possession of the handgun. See Abrajan v. State, 917 N.E.2d 709, 713 (Ind. Ct. App. 2009) (recognizing the lessened significance of a guilty plea that is "purely pragmatic.")

Barker has a long history of juvenile adjudications and a substantial criminal history. He has four prior felony convictions, beginning in 1985 (armed robbery, battery, aggravated battery, and theft) and thirteen prior misdemeanor convictions. Two of the misdemeanor convictions stemmed from incidents while Barker was incarcerated. He has violated probation and parole on multiple occasions. Given what we know about the nature of the offense and the character of the offender, we do not find his greater-than-advisory but less-than-maximum sentence to be inappropriate.

---

the advisory sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years."

4

As for Barker's claim that his sentence should be served concurrent to his murder sentence, we observe that Indiana Code 35-50-1-2(c) vested the trial court with discretion to order that the sentences be served consecutively. The handgun involved in the instant offense was not the same weapon involved in the murder. See Serino v. State, 798 N.E.2d 852, 857 (Ind. 2003) (observing that consecutive sentences in some circumstances are appropriate because they "seem necessary to vindicate the fact that there were separate harms and separate acts against more than one person.") Barker cannot prevail upon his claim – unsupported by relevant authority – that he should receive leniency because he will likely spend his remaining life in jail due to the consecutive nature of his sentences. He has demonstrated no abuse of the trial court's discretion in ordering the instant sentence to be served consecutive to the eighty-seven-year murder sentence.

Affirmed.

ROBB, C. J., and MATHIAS, J., concur.