**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JEFFREY E. STRATMAN**
Aurora, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ANGELA M. LITTRELL, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 15A01-1401-CR-15 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable James D. Humphrey, Judge
Cause No. 15D02-1307-FC-46

**July 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Angela Littrell ("Littrell") pled guilty to Forgery, as a Class C felony.[1] She challenges her six-year sentence, presenting the sole issue of whether that sentence is inappropriate. We affirm.

**Facts and Procedural History**

In 2011, Littrell was convicted of Theft. While she was on house arrest, Littrell failed two successive drug tests; her attorney requested that Littrell be permitted to attend drug and alcohol treatment at Hope House in Seymour. In March of 2013, Littrell was arrested after failing to appear in court as ordered.

On April 10, 2013, the trial court conducted a fact-finding hearing on the State's allegation that Littrell had violated the terms of her probation. During the hearing, Littrell testified that she had completed the Hope House drug and alcohol program. Littrell was afforded the opportunity to provide documentation. On April 15, 2013, Littrell was present when her attorney presented to the trial court a falsified certificate of completion.

During her incarceration, Littrell made recorded telephone calls to her husband and a girlfriend. In one conversation, Littrell boasted that the falsification scheme had worked and she had received leniency in the probation violation proceedings. An investigation ensued and Littrell ultimately admitted that she had enlisted her husband and girlfriend to prepare a false certificate for presentation to the trial court.

---

[1] Ind. Code § 35-43-5-2.

2

Littrell was charged with Forgery, Perjury, and Obstruction of Justice. On October 30, 2013, Littrell pled guilty to Forgery and the remaining charges were dismissed. On November 27, 2013, Littrell was sentenced to six years' incarceration. This appeal ensued.

**Discussion and Decision**

A person who commits a Class C felony is subject to a sentencing range of between two and eight years, with the advisory term being four years. I.C. § 35-50-2-6. As such, Littrell received a sentence of two years above the advisory. When imposing this sentence, the trial court considered the nature and circumstances of the crime, Littrell's criminal history, her violation of probation, hardship to her children, and her decision to plead guilty.

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. Id. at 1225. A defendant "'must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review.'" Anglemyer v. State, 868 N.E.2d 482, 494 (Ind. 2007) (quoting Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The nature of Littrell's offense is that she presented a forged document in open court in an effort to obtain leniency after the State alleged that she had violated the terms of her probation. Although Littrell claims that hers was a victimless crime, she instigated others to join in the forgery. Ultimately, Littrell's husband was convicted of a crime and sentenced to four years imprisonment.[2] Too, Littrell induced her attorney to unwittingly participate in fraud upon the court.

As for her character, Littrell is a heroin addict with several small children, yet she has never completed treatment offered to her. In addition to the instant offense, Littrell has had one felony conviction and three misdemeanor convictions. Specifically, she was convicted of Conversion in 2005 and 2012, Theft in 2012, and Driving While Suspended in 2013. She was on probation when she committed the instant offense.

Littrell pled guilty to Forgery, which reflects favorably on her character. Nonetheless, a guilty plea is not always a significant mitigating circumstance. Francis v. State, 817 N.E.2d 235, 237 n.2 (Ind. 2004). A guilty plea does not rise to the level of significant mitigation where the evidence against the defendant is such that the decision to plead guilty is "purely pragmatic." Abrajan v. State, 917 N.E.2d 709, 713 (Ind. Ct. App. 2009). Here, Littrell had been recorded discussing the success of her forgery scheme. Thus, the decision to plead guilty was pragmatic.

---

[2] To the extent that Littrell argues the trial court should not have accorded "significant" weight to the nature and circumstances of the crime, Appellant's Brief at 6, this allegation is not appropriate for review. A trial court's sentencing order may no longer be challenged as reflecting an improper weighing of sentencing factors. Anglemyer, 868 N.E.2d at 491.

Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

## Conclusion

Littrell's six-year sentence is not inappropriate.

Affirmed.

NAJAM, J., and PYLE, J., concur.