**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PATRICIA CARESS McMATH**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY ELKINS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 28A01-1404-CR-166 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE GREENE CIRCUIT COURT
The Honorable Erik C. Allen, Judge
Cause No. 28C01-1305-FD-86

**August 29, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

STATEMENT OF THE CASE

Appellant-Defendant, Jeffrey Elkins (Elkins), appeals his sentence following a guilty plea for attempted theft, a Class D felony, Ind. Code §§ 35-41-5-1 (2007) and 35-43-4-2(a) (2009).

We affirm.

ISSUE

Elkins raises one issue on appeal which we restate as follows: Whether his sentence was appropriate in light of the nature of the crime and his character.

FACTS AND PROCEDURAL HISTORY

At approximately 12:49 a.m. on May 11, 2013, Officer Ryan Van Horn of the Jasonville Police Department (Officer Van Horn) was travelling south on State Road 59 when he observed a blue Dodge truck parked on the property of the Indiana Railroad Company (Indiana Railroad). Given the frequency of the patrols he conducted in the area, Officer Van Horn suspected that the Dodge truck was not meant to be there. Based on that, Officer Van Horn pulled into the property, and when he approached the truck to locate the driver, there was no one in the vehicle. Looking into the bed of the truck, Officer Van Horn saw four buckets filled with scrap metal. He also noticed a crate sitting next to some nearby train cars, which had been filled with more scrap metal. A short time later, Officer Van Horn found Elkins and another man hiding behind the train cars. Upon speaking to Elkins and the other male, it occurred to Officer Van Horn that the men did not have

permission to be on the property or to remove the scrap metal from the property. Subsequently, Officer Van Horn apprehended the men and transported them to the police station.

The same day, the State filed an Information, charging Elkins with attempted theft, a Class D felony, I.C. §§ 35-41-5-1 (2007) and 35-43-4-2(a) (2009). On March 19, 2014, the trial court held a guilty plea hearing at which Elkins pled guilty to the instant offense and admitted the factual basis for his plea. The trial court accepted his guilty plea, and on the same day, it sentenced Elkins to two and one-half years, with one year suspended.

Elkins now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Elkins argues that his two and one-half year sentence was inappropriate in light of the nature of the offense and his character. We may revise a sentence imposed by the trial court if it is inappropriate in light of the nature of the offense and character of the offender. Ind. Appellate Rule 7(B). *See Payton v. State*, 818 N.E.2d 493, 498 (Ind. Ct. App. 2004), *trans. denied*. Thus, when making this determination, we may look to any factors appearing in the record. *Stokes v. State*, 947 N.E.2d 1033, 1038 (Ind. Ct. App. 2011), *trans. denied*. Elkins bears the burden to "persuade the appellate court that his sentence has met this inappropriate standard of review." *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

3

The determination of whether we regard a sentence as appropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Moreover, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id.* at 1225. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

The sentencing range for attempted theft, a Class D felony, is between six months and three years, with an advisory sentence of one and one-half years. *See* I.C. § 35-50-2-7. Elkins received a two and one-half-year aggregate sentence and he now argues that his sentence is inappropriate because "there was nothing egregious about this offense" and that he had "accepted responsibility for his actions" by pleading guilty. (Appellant's Br. p. 3). In addition, Elkins argues that the referencing of his prior felony convictions which were "over twelve years old" and the mentioning of his "three previous misdemeanors" was unrelated to the instant offense. (Appellant's Br. p. 3).

Turning to the nature of the offense, on May 11, 2013, Elkins went to Indiana Railroad's property to steal scrap metal belonging to the company. In his brief, Elkins attempts to minimize the seriousness of the offense by stating that he "simply went to the

railroad tracks [to collect] rusted nuts[,] bolts and other metals [on] the ground [] not in use. (Appellant's Br. p. 4). We find Elkins argument that the scrap metal was worthless to be meritless because the record reveals that he intended to sell the scrap metal to a local scrap yard. We also reject Elkins' explanation that his "daughter was completely out of diapers" and he needed the money from the sale of the scrap metal. (Transcript p. 20). On the night in question, Elkins and his accomplice had loaded four buckets of scrap metal into the back of his truck, and they were about to load one more crate containing scrap metal before Officer Van Horn apprehended them.

Elkins also fails to demonstrate how his character compels a revision of his sentence. The record reveals that Elkins has a criminal history which includes a Class B felony conviction for burglary, and a Class D felony conviction for theft in 2001. Even though Elkins' prior felony convictions were over twelve years old, the instant offense bears a relation. Elkins' prior felony convictions are property related offenses similar in nature to the current offense. *See Prickett v. State*, 856 N.E.2d 1203, 1209 (Ind. 2006).

In addition, Elkins had accumulated three misdemeanor convictions including possession of marijuana in 2010, driving while suspended in 2007 and in 2010. It is clear that Elkins' prior involvement with the criminal justice system has not deterred his criminal behavior. Furthermore, the record shows that Elkins has admitted to using illegal drugs, thus indicating that he is not a law-abiding citizen.

As for Elkins' guilty plea, we note that a guilty plea does not rise to the level of significant mitigation where the evidence against the defendant is such that the decision to

plead guilty is "purely pragmatic." *Abrajan v. State*, 917 N.E.2d 709, 713 (Ind. Ct. App. 2009). Turning to facts of this case, we find that Elkins' decision to plead guilty may have been largely pragmatic. Elkins was caught in the act and, when was he faced with the overwhelming evidence, he pled guilty.

Based on the totality of the evidence, there is nothing in the nature of the offense or Elkins' character that persuades us to conclude that his sentence is inappropriate.

CONCLUSION

In sum, we conclude that Elkins' sentence is not inappropriate in light of the nature of the offense and his character.

Affirmed.

MATHIAS, J. and CRONE, J. concur