**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK LEEMAN**
Cass County Public Defender
Leeman Law Offices
Logansport, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MARK BENDER, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 09A05-1403-CR-143 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE CASS CIRCUIT COURT
The Honorable Leo T. Burns, Judge
Cause No. 09C01-1202-FC-8

**October 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Mark Bender ("Bender") challenges the four-year advisory sentence imposed following his guilty plea to Possession of Cocaine, as a Class C felony.[1] He presents the sole issue of whether the trial court abused its sentencing discretion by ignoring appropriate mitigating circumstances. We affirm.

## Facts and Procedural History

On February 8, 2012, Cass County police officers and a case manager from the Cass County Department of Child Services visited Bender's home to investigate a report that he had used illegal drugs with his three minor children present. A search of the residence yielded cocaine and a firearm.

On February 9, 2012, the State charged Bender with Possession of Cocaine, Maintaining a Common Nuisance,[2] and Neglect of a Dependent.[3] On January 23, 2014, Bender pled guilty to the possession charge and the remaining charges were dismissed. Bender was sentenced to four years imprisonment. This appeal ensued.

## Discussion and Decision

Upon conviction of a Class C felony, Bender faced a sentencing range of between two and eight years, with four years as the advisory term. I.C. § 35-50-2-6. In imposing the advisory term, the trial court stated: "What sways me to use an advisory sentence in this case is that the mitigation of the first offense is outweighed by your action when you were out on

---

[1] Ind. Code § 35-48-4-6 (2012). The offense of Possession of Cocaine is now a Level 3, 4, or 5 felony.

[2] I.C. § 35-48-4-13.

[3] I.C. § 35-46-1-4.

bond on this case."[4] (Tr. 32.) Bender now argues that he deserved "mitigating credit" for his decision to plead guilty and his expressions of remorse. Appellant's Brief at 1.

"So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds, 875 N.E.2d 218 (Ind. 2007) (Anglemyer II). This includes the finding of an aggravating circumstance and the omission to find a proffered mitigating circumstance. Id. at 490-91. When imposing a sentence for a felony, the trial court must enter "a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence." Id. at 491.

The trial court's reasons must be supported by the record and must not be improper as a matter of law. Id. However, a trial court's sentencing order may no longer be challenged as reflecting an improper weighing of sentencing factors. Id. A trial court abuses its discretion if its reasons and circumstances for imposing a particular sentence are clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Hollin v. State, 877 N.E.2d 462, 464 (Ind. 2007).

An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant. Anglemyer II, 875 N.E.2d at 220-21. The

---

[4] On April 5, 2012, Bender failed to appear at a hearing and a warrant was issued for his arrest. On May 6, 2013, Bender was charged with six felonies including Dealing in Methamphetamine. On May 16, 2013, his bond in the instant matter was revoked.

3

trial court is not obligated to explain why it did not find a particular circumstance to be significantly mitigating. Sherwood v. State, 749 N.E.2d 36, 38 (Ind. 2001).

Although a trial court should be "inherently aware of the fact that a guilty plea is a mitigating circumstance," a guilty plea is not always a significant mitigating circumstance. Francis v. State, 817 N.E.2d 235, 237 n.2 (Ind. 2004). A guilty plea does not rise to the level of significant mitigation where the evidence against the defendant is such that the decision to plead guilty is "purely pragmatic." Abrajan v. State, 917 N.E.2d 709, 713 (Ind. Ct. App. 2009). Here, Bender had been found in possession of cocaine by police officers and a child welfare caseworker. He admitted to the caseworker that he was about to use the cocaine when the visit occurred. His three young children were present at the time. In exchange for Bender's guilty plea, the State moved to dismiss the Neglect of a Dependent charge. As such, Bender's decision to plead guilty was pragmatic.

Bender did not present argument on the remaining circumstances he now identifies as mitigating, his expressions of remorse. The trial court will not be found to have abused its discretion by failing to find a mitigator not advanced for consideration. Anglemyer II, 875 N.E.2d at 221.

Finally, to the extent that Bender argues the trial court should have "assigned mitigating weight" to his guilty plea and "repeated expressions of remorse," Appellant's Brief at 6, this allegation is not appropriate for review. A trial court's sentencing order may no longer be challenged as reflecting an improper weighing of sentencing factors. Anglemyer, 868 N.E.2d at 491.

**Conclusion**

Bender has not shown that the trial court abused its sentencing discretion.

Affirmed.

NAJAM, J., and PYLE, J., concur.