Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 20 2015, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEREMY K. NIX**
Matheny, Hahn, Denman & Nix, LLP
Huntington, Indiana

ATTORNEY FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| NATHANIEL E. MOFFETT, | ) | |
| Appellant-Defendant, | ) | |
| vs. | ) | No. 90A02-1407-CR-467 |
| STATE OF INDIANA, | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause No. 90C01-1309-FB-13

**January 20, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Nathaniel Eugene Moffett ("Moffett") was convicted of Attempted Arson, as a Class B felony,[1] Possession of a Dangerous Device by an Inmate, as a Class C felony,[2] and Intimidation, as a Class A misdemeanor,[3] and he admitted his status as a habitual offender.[4] He appeals, presenting the sole issue of whether his fifty-year aggregate sentence is inappropriate. We affirm.

**Facts and Procedural History**

In August of 2013, Moffett was incarcerated in the Wells County Jail and assigned to a cell with Jeremy Williams ("Williams"). Moffett and Williams became involved in a physical altercation and Williams requested that he be placed in another cell. After the move, Moffett threatened to strike Williams with a mop wringer and to cut Williams with blades made from pieces of a light fixture. Jail officers removed from Moffett's cell two metal blades that had been "tucked under a bunk bracket." (Tr. 84.)

On September 3, 2013, while he was still incarcerated in the Wells County Jail, Moffett stated, "I'm going to set the bitch on fire." (Tr. 128.) Later that evening, Moffett's cellblock lost power. Upon investigation, officers discovered that the breaker controlling the jail cell lights and locking mechanisms of the doors had been tripped. The breaker was tripped several times before officers observed that Moffett's light fixture had been broken.

---

[1] Ind. Code §§ 35-43-1-1, 35-41-5-1. The offense is now a Level 2, 3, 4, or 6 felony. All references are to statutes in effect at the time of Moffett's offenses.
[2] I.C. § 35-44.1-3-7. The offense is now a Level 4 or 5 felony.
[3] I.C. § 35-45-2-1.
[4] I.C. § 35-50-2-8.

There were black burn marks on the wall of Moffett's cell and it appeared that he had been using an exposed wire to create sparks and attempt to start a fire.

On May 13, 2014, Moffett was convicted of Attempted Arson, Inmate Possession of a Dangerous Device, and Intimidation. Moffett received a fifty-year aggregate sentence of imprisonment, and this appeal ensued.

**Discussion and Decision**

Upon conviction of a Class B felony, Moffett was subject to a sentence of between six years and twenty years, with ten years as the advisory term. I.C. § 35-50-2-5.[5] Upon conviction of a Class C felony, Moffett was subject to a sentence of between two years and eight years, with four years as the advisory term. I.C. § 35-50-2-6.[6] Upon conviction of a Class D felony, Moffett was subject to a sentence of between six months and three years, with one and one-half years as the advisory term. I.C. § 35-50-2-7.[7] As a habitual offender, Moffett was subject to a sentence enhancement of between ten years and thirty years. I.C. § 35-50-2-8. Moffett's fifty-year sentence is comprised of a twenty-year sentence for Attempted Arson, enhanced by thirty years, and concurrent sentences of eight years and one year for his Possession and Intimidation convictions, respectively. When imposing this sentence, the trial court found Moffett's criminal history and his violation of probation to be aggravators, and recognized no mitigators.

---

[5] This statutory provision was modified, effective July 1, 2014, to include the penalty for Level 3 felonies.
[6] This statutory provision was modified, effective July 1, 2014, to include the penalty for Level 5 felonies.
[7] This statutory provision was modified, effective July 1, 2014, to include the penalty for level 6 felonies.

3

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. Id. at 1225. A defendant '"must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review."' Anglemyer v. State, 868 N.E.2d 482, 494 (Ind. 2007) (quoting Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)).

As to the nature of Moffett's offenses, he fashioned a potential weapon from metal, threatened to cut a fellow inmate, and attempted to set fire to the jail where he was imprisoned. The typical jail population was between seventy-five and one hundred prisoners. Because the tampering caused breakers to shut off the flow of electricity, cell doors could not be opened mechanically. In the event of fire and electricity interruption, prisoners could potentially be trapped in fiery cells.

Moffett admitted his status as a habitual offender, and this admission reflects favorably upon his character. However, a guilty plea does not rise to the level of significant mitigation where the evidence against the defendant is such that the decision to plead guilty

4

is "purely pragmatic." Abrajan v. State, 917 N.E.2d 709, 713 (Ind. Ct. App. 2009). Moffett admitted his status after his conviction by a jury of the instant charges; the State would have been prepared to try the habitual offender phase. It appears that Moffett's decision was a pragmatic one and did not save the State the time and expense of trial preparation. See Jackson v. State, 973 N.E.2d 1123, 1131 (Ind. Ct. App. 2012) (recognizing that a habitual offender admission after a murder trial did not provide the same benefits to the State and victims as would a guilty plea to the underlying crime).

By the age of twenty-three, Moffett had already compiled a substantial criminal history. He has seven prior felony convictions, including convictions for Child Molesting, Burglary, Sexual Misconduct with a Minor, and Failure to Register as a Sex or Violent Offender. He has several misdemeanor convictions, including those for Battery, Criminal Mischief, and Disorderly Conduct. His contacts with the juvenile justice system began at age eight. He has violated the terms of probation on multiple occasions and was incarcerated for a probation violation at the time of the instant offenses. Moffett's history indicates an inability to benefit from rehabilitative efforts short of incarceration.

Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

## Conclusion

Moffett's fifty-year sentence is not inappropriate.

Affirmed.

ROBB, J., and BROWN, J., concur.