## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 18 2016, 7:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brett M. Roy
Roy Law Office
Boonville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Joseph Mueller, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | May 18, 2016 <br><br> Court of Appeals Case No. 87A01-1510-CR-1739 <br><br> Appeal from the Warrick Superior Court <br><br> The Honorable Robert R. Aylsworth, Judge <br><br> Trial Court Cause No. 87D02-1503-F6-000089 |

**Bailey, Judge.**

# Case Summary

[1] Michael Joseph Mueller ("Mueller") challenges the two-year sentence imposed following his guilty plea to Auto Theft, a Level 6 felony.[1] He presents the sole issue of whether the trial court abused its sentencing discretion by ignoring appropriate mitigating circumstances. We affirm.

# Facts and Procedural History

[2] On July 6, 2015, Mueller pled guilty to Auto Theft, after acknowledging that he had stolen the vehicle of Carolyn Remfry on or about March 10, 2015. Mueller was sentenced to serve two years in the Indiana Department of Correction, with a recommendation that he be placed in a minimum security facility and be evaluated for participation in a therapeutic communities program. Mueller appeals.

# Discussion and Decision

[3] Upon conviction of a Level 6 felony, Mueller faced a sentencing range of between six months and two and one-half years, with one year as the advisory term. I.C. § 35-50-2-7(b). In imposing the two-year term, the trial court stated: "I'm going to show that th[e] sentence is warranted and justified based upon your prior record, including misdemeanor and felony record as dictated or

---

[1] Ind. Code § 35-43-4-2.5(b)(1).

disclosed by the July 14, 2015 report to the court." (Tr. at 30.) Mueller now argues that "the court failed to give proper weight to the mitigating factors in this action[.]" Appellant's Brief at 4. According to Mueller, the trial court should have recognized his decision to plead guilty, his expression of remorse, and his medical condition – severe seizures – to be mitigating circumstances.

[4] "So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds*, 875 N.E.2d 218 (Ind. 2007) (*Anglemyer II*). This includes the finding of an aggravating circumstance and the omission to find a proffered mitigating circumstance. *Id.* at 490-91. When imposing a sentence for a felony, the trial court must enter "a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence." *Id.* at 491.

[5] The trial court's reasons must be supported by the record and must not be improper as a matter of law. *Id.* However, a trial court's sentencing order may no longer be challenged as reflecting an improper weighing of sentencing factors.[2] *Id.* A trial court abuses its discretion if its reasons and circumstances

---

[2] In addition to making an unavailable argument that the trial court failed to properly weigh sentencing factors, Mueller's brief also references an improper and obsolete standard for appellate revision of sentences upon independent review. Mueller states that this Court "may revise a sentence if it is 'manifestly unreasonable in light of the nature of the offense and the character of the offender.'" Appellant's Brief at 7 (quoting *Thacker v. State*, 709 N.E.2d 3, 10 (Ind. 1999)). We remind counsel that, where independent appellate review and revision is sought pursuant to Indiana Appellate Rule 7(b), the standard is one of "inappropriateness."

for imposing a particular sentence are clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Hollin v. State*, 877 N.E.2d 462, 464 (Ind. 2007).

[6] An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant. *Anglemyer II*, 875 N.E.2d at 220-21. The trial court is not obligated to explain why it did not find a particular circumstance to be significantly mitigating. *Sherwood v. State*, 749 N.E.2d 36, 38 (Ind. 2001).

[7] Mueller did not present to the trial court any argument upon a particular mitigating circumstance. Nonetheless, Mueller's guilty plea was readily apparent. Although a trial court should be "inherently aware of the fact that a guilty plea is a mitigating circumstance," a guilty plea is not always a significant mitigating circumstance. *Francis v. State*, 817 N.E.2d 235, 237 n.2 (Ind. 2004). A guilty plea does not rise to the level of significant mitigation where the evidence against the defendant is such that the decision to plead guilty is "purely pragmatic." *Abrajan v. State*, 917 N.E.2d 709, 713 (Ind. Ct. App. 2009). Here, Meueller was found in possession of the stolen vehicle. His decision to plead guilty could reasonably be considered pragmatic.

As for the remaining claims of mitigation, the trial court will not be found to have abused its discretion by failing to find a mitigator not advanced for consideration. *Anglemyer II*, 875 N.E.2d at 221.

# Conclusion

Mueller has not shown that the trial court abused its sentencing discretion.

Affirmed.

Bradford, J., and Altice, J., concur.